UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **GARY KORYTA, et al.,** | ) | CASE NO. 1:12CV1389 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | <u>OPINION AND ORDER</u> |
| | ) | |
| **CHERYL TIECHE, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u>:

This matter comes before the Court upon the Notice of Removal (ECF DKT #1) filed on June 4, 2012, by Third-Party Defendants, City of Garfield Heights and Dennis Welch; as well as Defendants' Response (ECF DKT #8) to the Court Order to Show Cause for Removal. For the following reasons, the Court finds that Defendants have failed to establish federal subject matter jurisdiction; and, therefore, the above-captioned case is remanded to Cuyahoga County Common Pleas Court.

<u>**I. BACKGROUND**</u>

On November 29, 2011, Plaintiffs, Gary Koryta and International Industrial Techniques, Inc., commenced an action in the Cuyahoga County Court of Common Pleas,

asserting state law claims against several defendants. On April 4, 2012, Defendant Cheryl Tieche filed a Third-Party Complaint against Third-Party Defendants Garfield Heights and Dennis Welch, and others. In part, the Third-Party Complaint alleges violations of Tieche's civil rights secured under the Fifth and Fourteenth Amendments to the United States Constitution, brought pursuant to 42 U.S.C. § 1983. On June 4, 2012, Third-Party Defendants, Garfield Heights and Welch, removed this matter to the United States District Court, Northern District of Ohio, Eastern Division, pursuant to 28 U.S.C. § 1441(c), noting that it is a civil action involving a claim or claims over which this Court has original jurisdiction and involving a claim or right arising under the Constitution, treaties or laws of the United States.

## II. ANALYSIS

On June 8, 2012, the Court issued a Show Cause Order (ECF DKT #5), requiring the removing Third-Party Defendants to show cause why this case should not be remanded as improperly removed for lack of subject matter jurisdiction. The Court relied upon *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 462 (6th Cir.2002), which construed 28 U.S.C. § 1441 narrowly; and specifically held that third-party defendants have no right to remove an action from state court, and that § 1441(c) should "apply only to claims joined by the plaintiff in the original state court action." *Id.* at 465.

Defendants responded to the Show Cause in a timely manner, pointing out that § 1441(c) has been recently revised, effective January 6, 2012. Defendants note that the revision takes out the terms "joined" and "separate and independent," thus broadening the definition of removable claims. The revised language also requires severance and remand of

claims that are not within the original or supplemental jurisdiction of the district court.

The Court recognizes that § 1441(c) has been amended in order "to better serve the purpose for which the statute was originally designed, namely to provide a Federal forum for the resolution of Federal claims that fall within the original jurisdiction of the Federal courts." H.R. Rep. No. 112-10 at 12. Furthermore, the Court appreciates Defendants' argument that the new language may justify removal of the captioned matter by Third-Party Defendants.

However, upon closer consideration of the amendments contained in the Federal Courts Jurisdiction and Venue Clarification Act of 2011, particularly Section 105: <u>Effective Date</u>, the Court must disagree with Defendants' position. That section reads:

> (a) IN GENERAL. –Subject to subsection (b), the amendments made by this title shall take effect upon the expiration of the 30-day period beginning on the date of the enactment of this Act [December 7, 2011], and shall apply to any action or prosecution commenced on or after such effective date.
>
> (b) TREATMENT OF CASES REMOVED TO FEDERAL COURT. – For purposes of subsection (a), an action or prosecution commenced in State court and removed to Federal court shall be deemed to commence on the date the action or prosecution was commenced, within the meaning of State law, in State court.

Defendants concede that the within action was commenced in the Cuyahoga County Court of Common Pleas on November 29, 2011. (ECF DKT #8 at 1). Therefore, the action commenced more than a month before the effective date of January 6, 2012; and the amendments do not apply to the matter before the Court.

### **III. CONCLUSION**

Under the applicable removal statutes, the term "defendant" is narrowly construed. *Pulaski*, 301 F.3d at 462. Third-party defendants have no right to remove an action from state

court. *Id*. Moreover, where 28 U.S.C. § 1441(c) discusses separate and independent claims joined with otherwise non-removable claims, that section refers "only to claims joined by the plaintiff in the original state court action," and not to third-party claims or causes of action. *Id*. at 465. The amendments to the removal statutes, implemented by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, do not apply here. Therefore, the above-captioned case was improperly removed by Third-Party Defendants, Garfield Heights and Dennis Welch; and the matter is remanded to Cuyahoga County Common Pleas Court for lack of subject matter jurisdiction.

    **IT IS SO ORDERED.**

            s/ Christopher A. Boyko
            **CHRISTOPHER A. BOYKO**
            **UNITED STATES DISTRICT JUDGE**

**DATED: June 25, 2012**